UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. GIPBSIN, | No. 2:16-cv-1590 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MCCUMBER, Warden, et al., | |
| Respondent. | |

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

    Petitioner was convicted of first degree murder and second degree robbery and sentenced in 1992 to a term of twenty-nine years to life with the possibility of parole. ECF No. 1 at 2; ECF No. 9 at 3-4. Petitioner was a minor when he committed the offenses. ECF No. 1 at 7; ECF No. 9 at 4. He challenges a March 2015 decision of the Board of Parole Hearings (the Board), denying him parole. ECF No. 1 at 5; ECF No. 12 at 1; ECF No. 13 at 1.[1] Petitioner contends that he was "illegally denied parole" and that his continued incarceration amounts to false imprisonment and violates multiple Constitutional Amendments. ECF No. 1 at 5-6. He alleges

---

[1] Petitioner has filed numerous duplicative motions and requests (ECF Nos. 9, 12, 13, 15, 18, 19, and 28) seeking the same relief he seeks in his petition (ECF No. 1 at 13).

that the Board failed to consider the youth offender parole factors. Id. at 8. Petitioner also argues that his due process rights were violated when the parole board substituted the "some evidence" standard for the required "preponderance of the evidence" standard. Id. at 12-13. Relatedly, petitioner claims that the record does not contain "some evidence" to support a finding that he will pose an unreasonable risk of danger to society if paroled. Id. at 12. In supplemental motions, petitioner seeks "review of unconstitutional Marsy's law." ECF No. 10 at 1; ECF No. 14 at 1.

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."

With respect to petitioner's claims regarding the Board's denial of his parole, the United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. The petition and exhibits make clear—and petitioner does not dispute— that petitioner was present at the hearing, represented by counsel,[2] and provided a statement of the

---

[2] Petitioner makes a vague reference to "the ineffective representation by attorney" at his March 25, 2015 parole hearing. ECF No. 1 at 7. Petitioner's basis for any ineffective assistance of counsel allegation is unclear, but seems to be premised on counsel's alleged failure to present at the parole hearing documents evidencing educational, trade, and program certifications obtained by petitioner. ECF No. 15 at 1. Petitioner cannot demonstrate an entitlement to relief with respect to his allegedly ineffective counsel, however, because petitioner has no right to the
(continued)

reasons parole was denied. ECF No. 1 at 4, 7-12; ECF No. 15 at 1.[3] Furthermore, the petition demonstrates that the Board did in fact consider the youth offender factors in its parole decision. ECF No. 1 at 4, 7-12. "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Id. The Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Accordingly, petitioner's claims regarding denial of his parole must be dismissed.

To the extent petitioner contends that the failure to release him violated his due process rights and the Eight Amendment's prohibition of cruel and unusual punishment (ECF No. 1 at 6, 10), he also fails to state a claim.

With respect to the due process portion of petitioner's argument, it is established that "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners." Cooke, 562 U.S. at 220. If state law does create a liberty interest in parole, because states "are under no duty to offer parole to their prisoners," the existence of this state liberty interest does not give rise to a federal right "to be conditionally released before the expiration of a valid sentence." Id. Due process is satisfied as long as the state provides an inmate seeking parole with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16). As already addressed, the petition and exhibits establish that petitioner was afforded at least the minimal procedures required to satisfy due process. See ECF No. 1 at 4, 7-12; ECF No. 15 at 1.

///

---

assistance of counsel at his parole hearing (and, therefore, no right to the effective assistance of counsel). See Pedro v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir. 1987) (because a parole hearing is "not a part of a criminal prosecution," there is no right to counsel at parole eligibility hearings "even when a protected liberty interest exists").

[3] Although the official transcript of the March 2015 parole hearing is not attached to the petition or other motions, petitioner has transcribed parts of the hearing in his petition. ECF No. 1 at 7-12.

3

As for petitioner's Eighth Amendment claim, a criminal sentence that is "grossly disproportionate" to the crime for which a defendant is convicted may violate the Eighth Amendment. Lockyer v. Andrade, 538 U.S. 63, 72 (2003); Rummel v. Estelle, 445 U.S. 263, 271 (1980). However, outside of the capital punishment context, the Eighth Amendment prohibits only sentences that are extreme and grossly disproportionate to the crime. United States v. Bland, 961 F.2d 123, 129 (9th Cir. 1992) (quoting Harmelin v. Michigan, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring)). Such instances are "exceedingly rare" and occur in only "extreme" cases. Lockyer, 538 U.S. at 73; Rummel, 445 U.S. at 272. "A punishment within legislatively mandated guidelines is presumptively valid. 'Generally, so long as the sentence imposed does not exceed the statutory maximum, it will not be overturned on eighth amendment grounds.'" United States v. Mejia–Mesa, 153 F.3d 925, 930 (9th Cir. 1998) (citing United States v. McDougherty, 920 F.2d 569, 576 (9th Cir. 1990)).

The United States Supreme Court has held that a life sentence is constitutional, even for a non-violent property crime. See Rummel, 445 U.S. at 265-66 (upholding a life sentence with the possibility of parole, imposed under a Texas recidivist statute, for a defendant convicted of obtaining $120.75 by false pretenses, an offense normally punishable by imprisonment for two to ten years); see also Harmelin, 501 U.S. at 961, 994-96 (upholding a sentence of life without the possibility of parole for a defendant convicted of possessing more than 650 grams of cocaine, although it was his first felony offense). In addition, the Ninth Circuit has specifically found that the imposition of life imprisonment without parole for a minor did not offend evolving standards of decency. Harris v. Wright, 93 F.3d 581, 585 (9th Cir. 1996). Accordingly, a life sentence with the possibility of parole for a first-degree murder such as that committed by petitioner would not constitute cruel and unusual punishment under the Eighth Amendment. See id. Accordingly, petitioner's claim of cruel and unusual punishment must be dismissed.

Petitioner has filed duplicative motions (ECF Nos. 10, 14) titled "Motion for Supplementation and Review of Unconstitutional Marsy's Law," asking this court to take judicial notice of Gilman v. Brown, 110 F. Supp. 3d 989 (E.D. Cal. 2014) (Gilman I), rev'd and

///

4

remanded, 814 F.3d 1007 (9th Cir. 2016), which held that the application of Marsy's Law[4] (Proposition 9) to California State prisoners who have been sentenced to a life term with the possibility of parole for an offense that occurred before November 4, 2008 violated the Ex Post Facto clause. Gilman I, 110 F. Supp. 3d at 1012. The Court construes petitioner's request for judicial notice as a notice of supplemental authority regarding a putative ex post facto claim; namely, that application of Marsy's Law to his parole hearing violated the Ex Post Facto Clause. The Ninth Circuit has held, however, that unless a state prisoner's claim lies at the core of habeas corpus, it may not be brought in habeas corpus but must be brought, "'if at all,' under § 1983." Nettles v. Grounds, 830 F.3d 922, 925, 930-31 (9th Cir. 2016) (en banc). Claims that lie in the "core of habeas corpus" are those that, if successful, would "necessarily lead to . . . immediate or earlier release from confinement." Id. at 935. Were petitioner to succeed on an ex post facto claim regarding any decrease in the frequency of his parole hearings caused by application of Proposition 9, the only relief he would obtain through this action is an earlier parole hearing, which would not necessarily lead to his immediate or earlier release on parole. Accordingly, this court lacks jurisdiction over this action.

Moreover, even if petitioner could maintain an independent[5] ex post facto challenge after Nettles, any such challenge is foreclosed by the Ninth Circuit's decision in Gilman v. Brown, 814 F.3d 1007 (9th Cir. 2016) (Gilman II), which reversed Gilman I and held that Proposition 9's deferral provisions do not violate the Ex Post Facto Clause. Gilman II, 814 F.3d at 1016-17. See

---

[4] Under Marsy's Law, the minimum deferral period between parole hearings was increased from one to three years, and the maximum deferral period from five to fifteen years. Gilman v. Schwarzenegger, 638 F.3d 1101, 1104 (9th Cir. 2011).

[5] Petitioner falls within the Gilman class. See Gilman v. Brown, 110 F. Supp. 3d 989, 990 (E.D. Cal. 2014) (Gilman I), rev'd and remanded, 814 F.3d 1007 (9th Cir. 2016) (the plaintiff class in Gilman is comprised of "all California State prisoners who have been sentenced to a life term with possibility of parole for an offense that occurred before November 4, 2008"). Petitioner has not alleged that he has opted out of the Gilman class. Assuming petitioner did not opt out of the class, he cannot maintain an independent ex post facto challenge. See Acinelli v. Holland, No. CV 15-7917-AB (PLA), 2016 WL 5662048, at *5, 2016 U.S. Dist. LEXIS 134985, at *15 (C.D. Cal. July 22, 2016) (Adopted in full Sept. 28, 2016); see also Gilman v. Fisher, 2:05-cv-0830 LKK CKD P, ECF No. 296 at 2, 2010 U.S. Dist. LEXIS 143678, at *3 (Order Filed Dec. 10, 2010).


Montalvo v. California Dep't of Corr., No. 2:13-CV-01276 MCE GGH, 2016 WL 4096407, at *5, 2016 U.S. Dist. LEXIS 101364, at *17 (E.D. Cal. Aug. 2, 2016) (adopted in full Aug. 30, 2016).  In other words, the Ninth Circuit has foreclosed any claim that petitioner seeks to raise in his supplemental motions (ECF Nos. 10, 14) that the parole board's application of Proposition 9 to his parole hearing violates the Ex Post Facto Clause.

For all these reasons, the petition should be summarily dismissed under Rule 4.

CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  For the reasons set forth herein, a substantial showing of the denial of a constitutional right has not been made in this case.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus and all supplements thereto be dismissed.

2. No certificate of appealability shall be issued.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 21, 2016.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE